IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA DAVID HELLER,<br><br>Defendant. | **4:26CR3010**<br><br>**ORDER ON PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE** |

The defendant appeared before the Court on November 19, 2026 regarding Petition for Action on Conditions of Pretrial Release [56]. Ryan Crnkovich represented the defendant. Sara Fullerton represented the government. The defendant was advised of the alleged violation(s) of pretrial release, the possible sanctions for violation of a release condition, and the right to a hearing in accordance with the Bail Reform Act. 18 U.S.C. § 3148.

The defendant entered an admission to violating condition(s) of release. The Court took judicial notice of the petition and violation report. The court finds the defendant freely, knowingly, intelligently, and voluntarily admitted violating release condition (n). Therefore, the Court finds the defendant violated the Order Setting Conditions of Release [36]. Government moved to dismiss allegations (k) and (gg). Allegations (k) and (gg) are dismissed.

The government requested an order of revocation and detention. The defendant did not contest an order of revocation and detention. After consideration of the report of Pretrial Services and the arguments of the parties, and affording the defendant an opportunity for allocution, the Court finds there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community; and the defendant is unlikely to abide by any condition or combination of conditions of release.

The government's request for revocation and detention is granted. The Order Setting Conditions of Release [36] is revoked and the defendant shall be detained until further order of the court.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of the court of the United States or on the request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge